# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                          **CASE NO: 6:17-cr-96-Orl-31KRS**

**TAMMIE MCCONICO**

_____

# ORDER

This matter is before the Court on Defendant's *pro se* Motion for New Trial (Doc. 74) and the government's response (Doc. 76).

On October 26, 2017, Defendant was found guilty by a jury on seventeen counts of aiding and assisting in the preparation of fraudulent tax returns in violation of 26 U. S. C. § 7206(2). (Doc. 68). At the trial, Defendant was represented by competent retained counsel. On December 18, 2017, Defendant filed the instant motion pursuant to Federal Rule of Criminal Procedure 33, alleging that (1) certain witnesses called by the government at trial testified falsely and (2) that newly discovered evidence casts doubt on the credibility of the government witnesses. Although Defendant has not received permission to file this motion *pro se*, the Court will consider it on the merits. *See* Middle District of Florida Local Rule 2.03(d).

Rule 33(b)(2) requires that any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within fourteen days after entry of the verdict. Insofar as it concerns the trial testimony of Rita Adam and Anita Johnson, Defendant's motion is time-barred, because it is not based on newly discovered evidence.

With respect to newly discovered evidence, Rule 33 permits a new trial if the interest of justice so requires. A new trial is warranted based upon newly discovered evidence if the following five-part test is satisfied:

> (1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result.

*United States v Lee*, 68 F.3d 1267, 1273-1274 (11th Cir. 1995). Each of these prongs must be satisfied to warrant a new trial. *Id.* at 1274.

Here, the Court finds that the Defendant failed to exercise due care in discovering the evidence as to Karen Minnick and Stacey Wofford, because the evidence was available in her home and she was on notice prior to trial that this evidence would be material. Furthermore, this evidence would merely tend to impeach certain trial testimony and is unlikely to produce a different result at a new trial because the evidence against Defendant was overwhelming. Accordingly, it is

**ORDERED** that the Motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 16, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant